■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD CARNEGIE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered April 16, 1991, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

On October 30, 1990, at 11:20 P.M., Police Officer Anthony Anderson and his partner observed the defendant and a companion walking and peering into parked cars. Officer Anderson and his partner investigated, checking to see if there was any broken glass near the vehicles. There apparently was not. They asked the men where they were going. The defendant and his companion said that they were looking for a friend, and gave an address that was nowhere near that location. The officers frisked them, but found no burglar's tools or weapons. After the defendant and his companion produced documentation showing their names and addresses, the officers let them go.

A short time later, the officers again saw the defendant and his companion about two blocks from where they had previously been stopped, again looking into parked cars. The officers then lost sight of them and, 5 to 10 minutes later, saw them enter a red car, about four blocks from where they had originally stopped them. At point, it was apparent that

the men had given the officers a false explanation of their actions and their reasons for their presence at that location. Thus, when the officers observed the defendant and his companion entering a vehicle and attempting to drive off, they had a reasonable suspicion that the car might be stolen. The officers wanted to determine who the owner of the car was, and therefore pulled up their squad car in front of the car occupied by the defendant and his companion. The officers ordered the defendant and his companion out of their car. As the defendant got out, Officer Anderson saw a gun on the car floor in front on the driver's side. He asked the defendant who the owner of the car was. The defendant, who was the driver of the car, said the car was his and produced a license and registration. Both men were arrested.

The stop of the car occupied by the defendant and his companion was based upon a reasonable suspicion that they were engaged in criminal activity, to wit, car theft, and was therefore proper (see, People v Vereb, 122 AD2d 897). Thus, the gun, which the defendant agrees was found in plain view after the car was stopped, was properly seized. Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.